IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Helen Smith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:22-2813-RMG |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 20, 2023, recommending that the Commissioner's decision be reversed and remanded to the agency for further review because the Administrative Law Judge ("ALJ") failed to appropriately weigh and consider the functional capacity evaluation of Physical Therapist Dan Blair and the opinions of the treating orthopaedic surgeon, Dr. Daniel Gersovich. (Dkt. No. 17). The parties were advised of their right to file objections to the R & R within 14 days of the date of service and that a failure to file objections would result in limited clear error review and the waiver of the right to appeal from the order of the District Court. (*Id.* at 25). No party filed objections to the R & R.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

The ALJ found that Plaintiff suffered from numerous severe impairments: obesity, bilateral hip replacements, and lumbar spine disorders.  Despite these findings, the ALJ determined that Plaintiff maintained the residual functional capacity to perform less than the full scope of light work.  Plaintiff challenges the limited weight accorded the findings of PT Blair and Dr. Gersovich.  In regard to the ALJ's evaluation of the findings of PT Blair, the Magistrate Judge found that the bases asserted for providing minimal weight to the findings of the physical therapist were not supported by substantial evidence and "seemingly cherry-picked evidence." (Dkt. No. 17 at 8-16).  The Court finds the Magistrate Judge's detailed critique of the ALJ's reasoning highly persuasive.

The Magistrate Judge further found the bases upon which the ALJ gave minimal weight to the opinions of Dr. Gersovich were not supported by substantial evidence.  Again, the Magistrate Judge provided a detailed critique of the ALJ's reasoning and persuasively concluded that the ALJ's findings regarding supportability and consistency are not supported by substantial evidence. (*Id*. at 16-24).

## Conclusion

Based upon a review of the record, the decision of the ALJ, the R & R of the Magistrate Judge, and the controlling legal standards, the Court **ADOPTS** the R & R (Dkt. No. 17) as the order of the Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the agency for further processing consistent with this order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

Charleston, South Carolina
January 4, 2024